759 P.2d 875

**IDAHO INSULATION AND WINDOW, INC., Employer-Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Respondent.**

No. 16349.

Supreme Court of Idaho.

March 17, 1987.

On Rehearing May 25, 1988.

Michael B. Howell, Boise, for employer-appellant.

Jim Jones, Atty. Gen., and Larry F. Weeks, Deputy Atty. Gen. (argued), Boise, for respondent.

BISTLINE, Justice.

The Department of Employment prosecuted Idaho Insulation for failure to pay required tax for unemployment insurance. This alleged deficiency the Department discovered through its audits of Idaho Insulation's records. The Department initiated a deficiency proceeding which was heard by the Department's own appeals examiner, Nadine Brown. At that hearing, Idaho Insulation was represented not by counsel, but only by its president and manager, Mr. Samuel Briscoe. The Department appeared only in the form of status examiner Jim Griffitts, by which we mean that not one of the Department's legal staff participated. The entire hearing consisted of the questioning of Mr. Briscoe first by the appeals examiner and then by Mr. Griffitts. Documents relating to the audit and Mr. Briscoe's statement were admitted.[1] In short, this hearing lacked sufficient adversarial testing to afford us a reliable rendition of the facts. Appellant appealed the adverse decision against it to the Industrial Commission, which summarily adopted and affirmed the decision of the appeals examiner. The appellant, *pro se*, of course, may not have realized that a hearing *de novo* could have been requested at the Commission level and made no request. Nor did the Department.

On appeal to this Court, Idaho Insulation continues its contention that all of these employees were subcontractors. The Department, through counsel, argued to the contrary.

We deem it appropriate that in circumstances such as were here present—*i.e.*, the Department initiating a deficiency prosecution against an unrepresented *pro se* taxpayer which will be initially decided by a Department examiner—at the least, when

---

1. The Department's appeals examiner determined that 14 of the 19 performed employment covered by unemployment insurance. One of these employees assembled brochures at home. One, a youth, mowed Idaho Insulation's lawn. The remaining twelve are sales people.

an appeal is taken to the Industrial Commission, legal counsel for the Department should examine the record for adequacy, and obtain a hearing *de novo* before the Industrial Commission, an independent arbiter or appellate review tribunal, with the purpose in mind to insure that a record is developed which is adequate for review in this Court.

We reverse without remand for further proceedings. No costs on appeal.

SHEPARD, C.J., and HUNTLEY, J., concur.

DONALDSON, J., concurs in the result.

BAKES, Justice.

I would affirm the Industrial Commission's decision on all of the employees except the one who assembled the brochures at home, and the one who mowed Idaho Insulation's lawn. As to those, I would reverse the commission's finding that they were employees rather than independent contractors.

PER CURIAM.

Department of Employment's petition for rehearing was filed on April 7, 1987, and thereafter a brief in support thereof was filed on May 5, 1987. An Order was entered on August 26, 1987, granting a rehearing, and thereafter the parties were notified of the briefing schedule. The final brief was submitted on September 30, whereupon the Court took the matter under consideration.

Now, therefore, there having been due deliberation and the original views of the members of the Court remaining unaltered, the opinion of March 17, 1987, remains the final opinion of the Court, and the Clerk is directed to issue the remittitur.